**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

BRENDA S. BEDNORZ,
          *Defendant-Appellant.*

No. 00-4602

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-96-707)

Submitted: March 6, 2001

Decided: March 26, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Brenda S. Bednorz appeals the district court's order revoking her term of supervised release and sentencing her to eighteen months imprisonment. Bednorz's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although Bednorz was informed of her right to file a supplemental brief, she has not done so. Her attorney raises three issues.

First, Bednorz challenges the sufficiency of the evidence to support the district court's finding that she violated the terms of her supervised release. The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C.A. § 3583(e)(3) (West 2000). The Government presented evidence establishing that Bednorz admitted to the police that she committed new criminal conduct while on supervised release by stealing from her employer, that she failed to report her employment to her probation officer, and that she submitted false monthly reports to her probation officer, all in violation of the terms of her supervised release. Thus, there was a sufficient factual basis in the record for the district court to find by a preponderance of the evidence that Bednorz violated her supervised release.

Second, Bednorz challenges the district court's revocation of her supervised release and the sentence imposed upon revocation. We review the district court's decision to revoke a defendant's supervised release and impose a term of imprisonment for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Under 18 U.S.C. § 3583(e)(3) (West 2000), the district court may revoke a defendant's supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a term of her supervised release. Since the district court properly found that Bednorz violated not one, but three separate conditions of her supervised

release, we conclude that the district court did not abuse its discretion in revoking Bednorz's supervised release. Furthermore, since the sentence imposed is well within the limits prescribed by statute and by the guidelines, we conclude that the district court did not abuse its discretion in sentencing Bednorz.

Third, Bednorz contends that the district judge committed plain error by failing to recuse himself. Bednorz claims the district judge harbored personal bias towards her, that his impartiality could reasonably be questioned, and that as a result he should have recused himself pursuant to 28 U.S.C. § 455 (1994). Because Bednorz did not bring this issue to the attention of the district court, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Finding none, we affirm.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the district court's revocation of Bednorz's supervised release and the ensuing sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*